IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM A. O'CULL, # 15829-045                                    PLAINTIFF

VS.                                CIVIL ACTION NO. 5:09-cv-62(DCB)(MTP)

BUREAU OF PRISONS, ET AL.                                         DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 26)**, and on the plaintiff William A. O'Cull ("O'Cull")'s objections thereto. Having carefully considered the report and recommendations of the magistrate judge and the petitioner's objections, and being fully advised in the premises, the Court finds as follows:

O'Cull filed this action pro se on March 26, 2009, alleging that he received inadequate medical treatment while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). He names as defendants the following individuals: Harley G. Lappin, Director of the Bureau of Prisons ("BOP"); Harrell Watts, National Inmate Appeals Administrator for the BOP; Bruce Pearson, Warden at FCC Yazoo City; Dr. Anthony Chambers, Clinical Director at FCC Yazoo City; and Mary Ellen Thoms, former Assistant Director of the BOP's Health Service Division.

The plaintiff claims that on December 20, 2004, he had a blood test at FCC Yazoo City to determine whether he had any

communicable, infectious or life-threatening diseases. He alleges that the results came back on January 4, 2005 with a positive result for the Hepatitis C virus (HCV) which, according to the plaintiff, can cause infection, cirrhosis of the liver, liver failure, cancer and death. The plaintiff alleges that Hepatitis C is treatable and curable with "pigylated interferon and ribavin" therapy. He also claims that pursuant to "[s]tandard medical protocols and Center for Disease Control Guidelines," upon diagnosis he should have been immediately vaccinated for Hepatitis A and B. He also claims that "[p]retreatment for HCV requires genotype testing and monitoring of the patient[']s liver." He alleges that he was not informed that he had HCV until May 31, 2006, that he was not given any genotype testing, that he was not vaccinated for Hepatitis A and B until June 26, 2006, and that he did not begin to receive pretreatment until April 2, 2008. Plaintiff also alleges that he needs a liver biopsy in order to determine whether advanced fibrosis or cirrhosis of the liver has occurred. The plaintiff claims that he continues to remain untreated for his HCV, and that as a result he suffers from nausea, fatigue, headaches, joint, back and stomach pain, and depression.

O'Cull makes a number of Bivens[1] claims against the defendants in their official and individual capacities, for denial and/or

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

delay in medical treatment.  He also complains that the defendants have refused to recommend or transfer him to a medical facility where he can obtain medical care.  He makes claims for failure to supervise Dr. Chambers against defendants Pearson, Thoms, Watts and Lappin.  In addition, he claims that defendants Chambers, Thoms and Pearson refused to provide him with copies of all of his medical records, in violation of the Freedom of Information Act ("FOIA").  He also claims that the defendants engaged in a conspiracy to deprive him of his constitutional rights.  He seeks an unspecified amount of compensatory and punitive damages, as well as an injunction directing the defendants to provide him with medical treatment and transfer him to a medical facility.

In his Report and Recommendation, Magistrate Judge Parker recommends that the defendants' motion for summary judgment be granted.  Defendant Chambers is entitled to statutory immunity under 42 U.S.C. § 233(a) because the plaintiff's allegations against him involve his performance of medical or related functions while acting as a commissioned officer in the U.S. Public Health Service.  The plaintiff has not shown that defendants Lappin and Watts personally made any medical decisions regarding his medical care; therefore, they have no minimum contacts with Mississippi and this Court lacks jurisdiction over them.  The plaintiff has also failed to show that defendants Pearson and Thoms were personally involved in his medical treatment or that they implemented a policy

3

that deprived him of his constitutional rights; thus, they are not liable under <u>Bivens</u>.  Finally, the plaintiff's FOIA claims against defendants Chambers, Thoms and Pearson are improperly brought against individuals instead of the federal agency.

In his objections, O'Cull fails to identify any error in the Report and Recommendation.  The Report and Recommendation shall therefore be adopted in its entirety, the defendants' motion for summary judgment shall be granted, and this action dismissed with prejudice.  Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge Michael T. Parker **(docket entry 26)** is hereby adopted as the finding of this Court;

FURTHER ORDERED that the defendants' motion to dismiss or in the alternative for summary judgment **(docket entry 20)** is DENIED as to the motion to dismiss and GRANTED as to the motion for summary judgment;

FURTHER ORDERED that this action is dismissed.  A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this action with prejudice.

SO ORDERED, this the 28th day of June, 2010.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE